IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VAMSIDHAR VURIMINDI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 10-386 |
| WYETH PHARMACEUTICALS, et al. | : | |

## <u>MEMORANDUM</u>

Ludwig, J.                                                                            September 6, 2011

This action was begun as an employment civil rights case.  On March 22, 2011, an

order was entered granting defendants'[1] motion to dismiss the amended complaint,[2] Fed. R.

Civ. P. 12(b)(6), and denying plaintiff's motion to further amend the complaint on the ground

that further amendment would be futile,[3] Fed R. Civ. P. 15(a).

---

[1] Defendants are Wyeth Pharmaceuticals (Pfizer), MedFocus, Accenture, Stephen Kopko and Robert Moyer.

[2] Under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint must "put Defendants on notice of the essential elements of Plaintiff's cause of action and raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), quoting <u>Twombly</u>.  The complaint must contain "more than the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u>  There is a difference between alleging an entitlement to relief - which, by itself, is not sufficient - and showing, through factual allegations, that the entitlement exists.  <u>Iqbal</u>, <u>supra</u>, at 1950.  Only a complaint that includes the latter will survive a motion to dismiss.

[3] The motion requested withdrawal of the following claims included in the amended complaint: fraud and misrepresentation (Fourth Cause of Action); invasion of privacy (Fifth Cause of Action); conspiracy to interfere with civil rights (Sixth Cause of Action); and conspiracy against rights (Seventh Cause of Action).  Plaintiff's memorandum, docket no. 34, at 5.  The motion also requested leave to add claims for promissory estoppel and intentional infliction of emotional distress.  <u>Id.</u>

On December 31, 2009, plaintiff Vamisidhar Vurimindi, *pro se*, commenced this action in the Philadelphia Court of Common Pleas, and on January 27, 2010, removal occurred, citing federal civil rights claims. 42 U.S.C. § 1985(3) and 18 U.S.C. § 241.

On August 13, 2010, plaintiff was granted leave to file a first amended complaint, which defendants moved to dismiss for failure to state a cause of action. Plaintiff moved for leave to amend the complaint again, including the withdrawal of the federal claims set forth in the amended complaint.

Without the presence of the federal claims, this court lacks federal question jurisdiction, and diversity of citizenship among the parties also appears to be lacking. While under United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) and New Jersey Turnpike Auth. v. PPG Indus., Inc., 197 F.3d 96, 113 (3d Cir. 1999) the retention of supplemental state claims is discretionary, it does not appear that doing so would serve a useful purpose in this action.[4]

Accordingly, the order of dismissal of the amended complaint and the denial of the motion to amend was entered.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[4] A careful review of each of the amended complaint's claims, including the claims sought to be added in plaintiff's proposed second amended complaint, does not disclose that any of them has merit and should not be dismissed.

2